IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue NW <br> Washington, DC 20530, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue N.W., Washington, DC 20530.  Defendant DOJ has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On August 5, 2025, Plaintiff submitted a FOIA request to the Office of Information Policy ("OIP"), a component of Defendant, seeking access to records related to Special Counsel John H. Durham's May 2023 "Report on Matters Related to Intelligence Activities and Investigations Arising Out of the 2016 Presidential Campaigns.  Specifically, Plaintiff requested:

1. The complete, unredacted notes taken by former CIA Director John Brennan during the August 3, 2016, White House briefing, which reportedly discussed intelligence regarding a Hillary Clinton campaign plan to link Donald Trump to Russia.

2. The full unredacted Inspection Division Report from the Department of Justice Office of the Inspector General (DOJ OIG) that critiques the FBI's handling of the Crossfire Hurricane investigation.

3. The fourteen missing pages of the Durham Report Appendix that have not yet been publicly released.

4. All unredacted transcripts, summaries, or notes from interviews conducted by Special Counsel John Durham with the following individuals regarding the 2016 election and related investigations:

    - Hillary Clinton (interviewed May 2022)
    - John Brennan (interviewed August 2020)
    - Stefan Halper
    - Alexander Downer
    - Jake Sullivan (interviewed November 2021)
    - John Podesta (interviewed January 2022)

- Robby Mook

5. All unredacted records of referrals made by Special Counsel John Durham to the Department of Defense or any other federal agencies.

6. All emails and communications between:

    - Fusion GPS and the New York Times, Washington Post, or other major media outlets.
    - Fusion GPS and the Hillary Clinton campaign or the Democratic National Committee (DNC).

7. All unredacted emails, memoranda, or other communications between former head of British Intelligence Sir Richard Dearlove, U.S. intelligence officials (including CIA and FBI personnel), Stefan Halper, and Christopher Steele.

The time frame of the request was identified as "January 1, 2016, to present."

6. By letter dated September 3, 2025, the OIP acknowledged receipt of Plaintiff's request on August 5, 2025, and advised Plaintiff that the request had been assigned tracking number FOIA-2025-06292.  OIP also invoked FOIA's 10-day extension of time provision for "unusual circumstances."

7. Plaintiff has received no further communication from the OIP regarding the request.

8. As of the date of this Complaint, the OIP has failed to (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

12. Plaintiff has no adequate remedy at law.

13. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by September 17, 2025, at the latest. Because Defendant failed to make a final determination on Plaintiff's requests within the time limits required by FOIA, Plaintiff is deemed to have exhausted its administrative remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's requests and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

<div style="display:flex;justify-content:space-between;">

Dated: January 16, 2026

Respectfully submitted,

*/s/ Michael Bekesha*
Michael Bekesha (D.C. Bar No. 995749)
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:     (202) 646-5172
Email: mbekesha@judicialwatch.org

*Counsel for Plaintiff*

</div>